ROMAN CATHOLIC CHURCH OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* JOSÉ PUIG MORALES, Defendant and Appellant.

No. 7376. Argued January 18, 1938.—Decided February 25, 1938.

748

*González Fagundo & González, Jr.,* for appellant. *Arturo Aponte* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The first ground of appeal is that the district court erred in overruling a motion which challenged the verification of a complaint. The complaint was verified by a priest who stated under oath that he was the agent and attorney in fact *(mandatario)* of the Apostolic Roman Catholic Church of Puerto Rico in Caguas. The objection was that the agent should have attached or should have produced his power of attorney *(mandato)*. No authority for this contention was cited in the district court and none has been cited by appellant in his brief. In the absence of any authority to the contrary, we agree with the district judge that the verification was sufficient.

Defendant demurred for want of facts sufficient to constitute a cause of action. Plaintiff alleged: That in Caguas it had a church fronting the east side of Palmer Park, surrounded by an atrium extending from west to east; that for more than thirty years and from time immemorial there had been an alley some four meters in width leading from the atrium to Ruiz Belvis Street, a distance of some twenty-three meters, bounded on the east by a three story house the property of the heirs of Ramón Vilar, formerly the property of Rosalía Santiago widow of Polanco, and on the west by

a house formerly belonging to Rosalía Santiago widow of Polanco but now the property of defendant, José Puig Morales; that plaintiff had been in the possession of the said alley for more than thirty years, and from time immemorial until January 3, 1933, as a means of ingress and egress for parishioners and of defendant's ministers and representatives and as a right of way from the church and the atrium to Ruiz Belvis Street, in use by priests, employees, and parishioners in whatever way was necessary as a means of communication between the said atrium and Ruiz Belvis Street; that on January 3, 1933, the defendant, José Puig Morales, filled the said alley with earth and *débri* throughout its length, and made free passage through the same impossible; that this was done against plaintiff's will, for the purpose of depriving plaintiff of its possession of the alley and of its use thereof as a right of way.

The complaint was filed December 14, 1933. It was entitled as "an injunction to recover possession." The prayer was for a judgment: Protecting plaintiff in the possession and enjoyment of the alley described in the complaint; ordering defendant, his agents and employees to abstain from disturbing plaintiff in the possession and enjoyment of the said alley; forbidding the obstruction or interception of the said alley or any part thereof between the atrium of the church and Ruiz Belvis Street, and requiring that the same be left open and unobstructed for plaintiff's use thereof, with costs to plantiff.

This was not an action to establish the existence of a servitude nor was it, as in the case of *Trujillo* v. *López,* 45 P.R.R. 791, an action to abate an alleged public nuisance. It was an action to recover the possession or quasi possession or use of an alley by plaintiff as a means of ingress and agress under a claim of right. No question of title or right of possession was involved. The averment that plaintiff had been using the alley for more than thirty years and from time immemorial up to January 3, 1933, was enough to show use

for more than a year prior to defendant's interference and within the year which preceded the filing of the complaint. The complaint therefore stated facts sufficient to constitute a cause of action. See *Echevarría et al.* v. *Saurí*, 38 P.R.R. 661.

■ Two other demurrers were interposed and overruled. One was for ambiguity, unintelligibility and uncertainty. The other was for misjoinder of two causes of action. The contention was that the alleged use of a right of way is inconsistent with a claim of actual, physical possession. Defendant was in doubt as to whether plaintiff was seeking to recover the alleged use of a right of way or actual possession of the ground so used. The final contention was that a casue of action for recovery of the use of the right of way had been improperly joined with another cause of action for the recovery of actual possession. It may be conceded that the complaint was not so free from all ambiguity or uncertainty that it may be considered a model of good pleading. Nevertheless, from the pleading as a whole fairly construed, it seems reasonably clear, we think, that plaintiff was not asserting a previous exclusive possession of the alley nor seeking to recover such possession, but only the use of the alley as a means of ingress and egress. In any event, defendant was not misled in any way to his prejudice, and the error, if any, in overruling these two demurrers was harmless.

■ The third assignment is that the district court erred in admitting a certain deed of conveyance executed by Rosalía Santiago widow of Polanco in 1906. This deed was admitted in evidence for the purpose of showing an alleged admission against interest by the vendor. We are fully convinced that the exclusion of the deed would not have affected the result. The error, if any, in admitting the document would not justify a reversal.

The fourth assignment is that the judgment is contrary to the evidence. After a careful examination of the stenog-

raphic record in the light of appellant's argument we are unable to concur in this view.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.